UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

```
***********************************
THOMAS E. PEREZ, SECRETARY OF LABOR,   *
  United States Department of Labor,   *      CA 16- 525 S
                                       *
                    Plaintiff,         *
                                       *      CIVIL ACTION
        v.                             *
                                       *      FILE NO.
JACKY'S GALAXIE PROVIDENCE, INC.
D/B/A JACKY'S WATERPLACE & SUSHI BAR, and  *
KIN WAH KO,                            *
                                       *
                    Defendants.        *
***********************************
```

COMPLAINT

Plaintiff, Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants from violating the provisions of Sections 6, 7, 11, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938 (the "Act"), 29 U.S.C. §§216, 217, 211, 215(a)(2), and 215(a)(5), and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act, 29 U.S.C. §§ 215(a)(2), 216(c).

I

Jurisdiction of this action is conferred upon this Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. § 1345.

1

II

Defendant JACKY'S GALAXIE PROVIDENCE, INC., d/b/a JACKY'S WATERPLACE & SUSHI BAR ( "Waterplace"), is, and at all times hereinafter mentioned was, a corporation having an office and place of business located at 200 Exchange St., Providence, RI 02903, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business and elsewhere in the operation of a restaurant,

III

Defendant KIN WAH KO ("Ko") resides at 39 Riverview Ave., North Providence, RI 02904, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, president, vice president, treasurer and, secretary of Defendant Waterplace, and as such actively manages, supervises, and directs the business affairs and operations of said business, including establishing all policies and procedures of the restaurant. Defendant Ko maintains an office at Waterplace and participates in the day to day decisions of running the business, including approving all staff schedules and making all decisions regarding pay rates, raises, tip out amounts and employee discipline. Defendant Ko has acted at all times material herein directly and indirectly in the interest of Defendant Waterplace in relation to its employees and was and is, therefore, an employer of said employees within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

IV

Defendants Waterplace and Ko are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common

business, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

V

At all times hereinafter mentioned, Defendants Waterplace and Ko employed employees, in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, such as regularly receiving shipments from New Hampshire and Massachusetts. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). Therefore, said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act, 29 U.S.C. § 203(s).

VI

Defendants have violated the provisions of sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a) by paying approximately eighty-eight (88) servers, bartenders, cooks, bussers and dishwashers wages at rates less than the applicable minimum wage. Specifically, among other violations, Defendants paid a set salary to approximately eight (8) bussers, cooks and dishwashers, which in a number of work weeks was less than the minimum wage. In addition, Defendants, during the period between December 10, 2011 and November 29, 2014, required servers and bartenders to pay for a variety of breakages, patron "walk-outs", and errors when entering patron food orders, from their earned tips. Also, Defendants, during the period between December 10, 2011 and November 29, 2014, took a set percentage of servers' and bartenders'

3

earned tips to pay other employees, without regard to whether this brought the servers and bartenders below the minimum wage. In addition, Defendants required some employees to work at charity restaurant events for no pay. Examples of this occurred on or about March 24, 2014 when approximately nine (9) servers and four (4) bartenders were required by Defendants to work for no pay, and on or about October 26, 2013 when approximately seven (7) servers and one (1) host were required to work for no pay.

VII

Defendants have violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a), by employing and failing to properly compensate approximately fifty-two (52) tipped and non-tipped employees working at Waterplace. These employees worked for workweeks longer than forty (40) hours, and received compensation from Defendants for their employment in excess of forty (40) hours in said workweeks at rates less than one and one-half times the regular rate at which they were compensated. Specifically, among other violations, Defendants paid a set salary to approximately twenty-three (23) bussers, servers and kitchen employees, such as cooks and dishwashers, who worked approximately between 50 and 72 hours per week and were paid straight time for all hours worked. Examples of this occurred on or about the week ending July 26, 2014 when approximately five (5) cooks, one (1) dishwasher, one (1) busser and one (1) server worked more than forty (40) hours that week and were not paid time and a half for those hours over forty (40), and on or about June 15, 2013 when approximately seven (5) cooks, one (1) busser and one (1) server worked more than forty (40) hours that week and were not paid time and a half for those hours over forty (40). In addition,

4

Defendants used an incorrect rate to pay approximately twenty eight (28) servers and bartenders overtime.

## VIII

Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment, as prescribed by regulations duly issued pursuant to authority granted in the Act and found in Title 29, Part 516 of the Code of Federal Regulations. During the period between approximately December 10, 2011 and November 29, 2014, Defendants' records failed to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many salaried nonexempt kitchen employees and bus boys, and some of the servers and hostesses. Records were also not kept when servers and bartenders were required to work charity events without pay. In addition, where time records were kept for servers, the time records kept of tips earned for those servers often did not coincide with the records for tips paid in the Defendants' payroll records.

## IX

Since December 10, 2011, Defendants have willfully and repeatedly violated the aforesaid provisions of the Act as alleged, and a judgment enjoining such violations is expressly authorized by Section 17 of the Act, 29 U.S.C. § 217.

X

WHEREFORE, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendants, their agents, servants, employees, and those persons in active concert or participation with them, or acting in their interest and behalf, from violating Sections 6, 7, 11, 15(a)(2), and 15(a)(5) of the Act, 29 U.S.C. §§ 206, 207, 211, 215(a)(2), and 215(a)(5), and for such other and further relief as may be necessary or appropriate, including the restraint of any withholding of payment of compensation found by the Court to be due employees under the Act.

XI

Since December 10, 2011, Defendants have willfully and repeatedly violated the aforesaid provisions of the Act. Plaintiff further seeks an award of the unpaid minimum wage and overtime compensation owed and an equal amount as liquidated damages, as specifically authorized by Section 16(c) of the Act, 29 U.S.C. § 216(c).

XII

WHEREFORE, cause having been shown, Plaintiff prays judgment ordering payment of unpaid wages found by the Court to be due employees listed in the attached Exhibit A, plus an equal amount as liquidated damages, and costs.

M. Patricia Smith
Solicitor of Labor

Michael D. Felsen
Regional Solicitor

*[signature]*

Susan G. Salzberg
Senior Trial Attorney
salzberg.susan@dol.gov
MA BBO No. 556437

U.S. Department of Labor
Attorneys for Petitioner

Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142