UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

```
************************************
THOMAS E. PEREZ, SECRETARY OF LABOR,   *
  United States Department of Labor,   *
                                       *
                  Plaintiff,           *
                                       *    CIVIL ACTION
          v.                           *
                                       *    FILE NO.
JACKY'S GALAXIE PROVIDENCE, INC.
D/B/A JACKY'S WATERPLACE & SUSHI BAR, and  *
KIN WAH KO, OWNER,                     *    CA 16- 525S
                                       *
                  Defendants.          *
************************************
```

CONSENT JUDGMENT AND ORDER

Plaintiff has filed a complaint and the Defendants, without admitting or denying liability, have appeared, received a copy thereof, and waived service of process. Defendants, without admitting or denying liability, also hereby acknowledge assessment by Plaintiff of civil money penalties in the amount of $50,000.00, waive notice and service requirements for the issuance of those penalties, and waive exception to those civil money penalties, all under Section 16(e) of the Fair Labor Standards Act of 1938 (the "Act"), 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4, 580.1–580.18. The Court finding that it has jurisdiction to enter this Consent Judgment and Order, and Plaintiff and Defendants agreeing to its terms,

It is, therefore,

1

ORDERED, ADJUDGED and DECREED that Defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 USC 201 et seq.), hereinafter referred to as "the Act", in any of the following manners:

Defendant shall not, contrary to sections 6 and 15(a)(2) of the Act, 29 U.S.C. § 206 and 215(a)(2) pay any employees who, in any workweek, are employed in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, wages at rates less than the applicable minimum wage.

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, , 29 U.S.C. § 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act , 29 U.S.C. § 211(c), and found in Title 29, Part 516 of the Code of Federal Regulations.

Further, the Court, finding that the employees are due compensation in the amount of $567,955.86 (inclusive of back wages and liquidated damages), as shown on attached Exhibit A

which is incorporated in and made a part hereof, it is ORDERED, ADJUDGED and DECREED that Defendants, shall pay said compensation, plus applicable interest, in accordance with the terms set forth in Exhibit B, which is incorporated in and made a part hereof.

The Defendants represent that they have been in compliance with the Act since November 29, 2014. In resolving the amount of back wages and liquidated damages in this judgment, the Plaintiff has relied on this representation, and, accordingly, the back wage and liquidated damage provision of this judgment shall have no effect upon any back wages and liquidated damages which may have accrued since that date.

The back wage and liquidated damages provisions of this judgment shall be deemed satisfied when, in accordance with the dates set forth in the installment schedule in Exhibit B, which is incorporated in and made a part hereof, Defendants deliver to Plaintiff $283,977.93 plus applicable interest, in back wages, from which deductions for Defendants' employees share of social security and federal withholding taxes will be made by the Department of Labor, and $283,977.93 plus applicable interest, in liquidated damages, which is not subject to deductions. Defendants shall further pay the employers' share of social security to the appropriate authority for the back wages paid pursuant to this judgment. The payments (back wages and liquidated damages, plus interest as applicable) shall be made in the form of certified checks in the gross amounts due, made payable to "Wage and Hour Division—Labor." The checks shall be sent directly to:

>U.S. Department of Labor
>Wage and Hour Division
>Northeast Region
>The Curtis Center, Suite 850 West
>170 South Independence Mall West
>Philadelphia, PA 19106-3317
>Attention: Mary Doughty

A copy of said checks shall also be mailed to the following address: U.S. Department of Labor, Wage and Hour Division, Providence, RI District Office, 380 Westminister Mall, Room 546, Providence, RI, 02903 Att.: Donald Epifano, Assistant District Director.

On or before October 1, 2016, Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, Northeast Regional Office, The Curtis Center, Suite 850 West, 170 S. Independence Mall West, Philadelphia, PA 19106, a statement showing the following: employers' Federal ID number(s), the name of each employee listed in Exhibit A, and each employee's current address and social security number.

When recovered wages have not been claimed by an employee within three years, because of inability to locate the employee or because of the employee's refusal to accept such sums, the Secretary of Labor shall deposit the wages into the United States Treasury as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

Defendants shall not, under any circumstances, solicit repayment of any amount paid to any employee in connection with this judgment. In the event any such amount is received from any employee, Defendants shall immediately remit such amount to the U.S. Department of Labor at the Philadelphia, PA address set forth above.

It is also ORDERED, ADJUDGED and DECREED that Defendants shall pay the civil money penalties issued pursuant to Section 16(e) of the Act, 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4, in the amount of $50,000.00, plus interest at the rate of 1% per annum, to the Wage and Hour Division. The civil money penalty portion of this judgment will be deemed satisfied when, in accordance with the schedule set out in Exhibit B of this judgment, the Defendants deliver to Plaintiff $50,00.00 plus interest computed at 1% per annum. This civil

money penalty payment, along with interest at 1%, shall be made in the form of a certified check made payable to "Wage and Hour Division-Labor", and sent directly to:

>U.S. Department of Labor
>Wage and Hour Division
>Northeast Region
>The Curtis Center, Suite 850 West
>170 South Independence Mall West
>Philadelphia, PA 19106-3317
>Attention: Mary Doughty

As with the back wage payments, a copy of said civil penalty check shall also be mailed to the following address: U.S. Department of Labor, Wage and Hour Division, Providence, RI District Office, 380 Westminister Mall, Room 546, Providence, RI, 02903 Att.: Donald Epifano, Assistant District Director.

Defendants shall not fail to deliver the amount due on or before the date it is due. In the event of such failure the entire balance of back wages, liquidated damages and civil money penalty shall immediately become due and owing.

It is ORDERED, ADJUDGED and DECREED and Defendants hereby agree that on or before November 1, 2016, Defendants will engage a qualified, independent consultant, with specific knowledge and experience regarding the requirements of the Act. The consultant shall provide an initial consultation to create a system which will ensure that the Defendants' pay and recordkeeping practices, including all businesses owned by Defendant Kin Wa Ko,[1] are in

---

[1] These businesses include but are not limited to:

Jacky's Galaxie, Inc.
d/b/a Jacky's Galaxie & Sushi Bar
1764 Mendon Rd.
Cumberland, RI 02864

compliance with the Act's requirements, and will, on a biannual basis, beginning on December 1, 2016 and ending on December 1, 2019, have available upon request, a report to the Assistant District Director of the Providence District Office of the Wage and Hour Division, 380 Westminister Mall, Room 546, Providence, RI, 02903, which addresses any and all pay and/or recordkeeping FLSA violations revealed by the review at any business owned by Defendant Kin Wa Ko, and shall detail any and all corrective actions taken by Defendants.

In addition, Defendants agree that at all of the businesses owned by Defendant Kin Wa Ko, including but not limited to the businesses set out in Footnote 1, Defendant Kin Was Ko will agree to:

- hold bi-annual meetings in those businesses to inform employees about their rights under the Act;
- ensure that all managers and assistant managers in those businesses are trained as to compliance with the Act on an annual basis,
- amend the employee handbooks in all of those businesses to include a section on prohibited practices under the Act, such as improper wage deductions, and include definitions of tipped and non-tipped occupations.

---

Jacky's Galaxie North Providence, Inc.
d/b/a Jacky's Galaxie & Sushi Bar
1488 Mineral Spring Ave.,
North Providence, RI 02904

Jacky's Galaxie Bristol, Inc.
d/b/a Jacky's Galaxie & Sushi Bar
383 Metacom Ave.
Bristol, RI 02809

It is further ORDERED, ADJUDGED and DECREED and each party hereby agrees that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated __9/23/16__

_____
United States District Judge

Defendants hereby consent to entry of this judgment.

Jacky's Galaxie Providence, Inc.
d/b/a Jacky's Waterplace & Sushi Bar
Defendant

By _____
   Michael A. Jakowsky, Esq.
   Jackson Lewis P.C.
   As Attorneys for Defendants

Date __9/14/16__

_____
Kin Wa Ko
President of Jacky's Galaxie Providence, Inc.

Date __9/12/16__


Kin Wa Ko,
Defendant

By _____
   Kin Wa Ko

Date __9/12/16__

Plaintiff moves for entry of
This judgment:

M. Patricia Smith
Solicitor of Labor

Michael D. Felsen
Regional Solicitor

_____
Susan G. Salzberg
Senior Trial Attorney
BBO#556437

Date __Sept. 20, 2016__

7

Exhibit A

| Last Name | First Name | Back Wages | Liquidated Damages | Total Amount Due |
|---|---|---|---|---|
| Addis | Brooke | $200.31 | $200.31 | $400.62 |
| Aing | Suphearoth | $206.10 | $206.10 | $412.20 |
| Albanese | Lori | $36.25 | $36.25 | $72.50 |
| Almeida | William A. | $1,035.56 | $1,035.56 | $2,071.12 |
| Ayer | Christine | $3,193.34 | $3,193.34 | $6,386.68 |
| Balzano | Cheryl | $6,992.15 | $6,992.15 | $13,984.30 |
| Barresi | April R. | $4,831.33 | $4,831.33 | $9,662.66 |
| Belonis | Staci | $2,091.85 | $2,091.85 | $4,183.70 |
| Bina | Michael Patrick | $1,501.50 | $1,501.50 | $3,003.00 |
| Boton | Manuel | $1,697.67 | $1,697.67 | $3,395.34 |
| Brady | Dean | $450.35 | $450.35 | $900.70 |
| Broadbent | Alexander | $3,304.62 | $3,304.62 | $6,609.24 |
| Broderick | Paige | $691.76 | $691.76 | $1,383.52 |
| Bush | Dan | $426.84 | $426.84 | $853.68 |
| Caballero | Jossiemar | $157.94 | $157.94 | $315.88 |
| Cai | Charles Chen | $2,104.25 | $2,104.25 | $4,208.50 |
| Carlin | Gray | $764.01 | $764.01 | $1,528.02 |
| Chy | Leng I. | $15,165.80 | $15,165.80 | $30,331.60 |
| Costa | David | $203.96 | $203.96 | $407.92 |
| Courtemanche | Kelsie | $5,063.41 | $5,063.41 | $10,126.82 |
| Cox | Allyson | $47.00 | $47.00 | $94.00 |
| Custer | Zachary | $708.44 | $708.44 | $1,416.88 |
| Dehoney | Nicole Ann | $704.09 | $704.09 | $1,408.18 |
| Ditomassi | Anthony | $81.70 | $81.70 | $163.40 |
| Dong | Rhongs | $7,940.63 | $7,940.63 | $15,881.26 |
| Doster | Ashley | $4,442.02 | $4,442.02 | $8,884.04 |
| Doster | Haley | $4,132.56 | $4,132.56 | $8,265.12 |

Exhibit A

| Last Name | First Name | Back Wages | Liquidated Damages | Total Amount Due |
|---|---|---|---|---|
| Erickson | Ricky | $37.73 | $37.73 | $75.46 |
| Etchells | Jennifer | $4,700.49 | $4,700.49 | $9,400.98 |
| Ferreira | Colby J. | $6,214.53 | $6,214.53 | $12,429.06 |
| Fluery | Robert | $10,607.49 | $10,607.49 | $21,214.98 |
| Fodaski | Collin B. | $269.43 | $269.43 | $538.86 |
| Fournier | Joseph | $3,690.00 | $3,690.00 | $7,380.00 |
| Fraettarelli | Autumn | $4,960.27 | $4,960.27 | $9,920.54 |
| Freitas | Jessie | $710.43 | $710.43 | $1,420.86 |
| Glomb | Gregory | $777.29 | $777.29 | $1,554.58 |
| Heuangsavath | Phonesau | $588.73 | $588.73 | $1,177.46 |
| Hill | Robert | $980.90 | $980.90 | $1,961.80 |
| Huggins | Brian | $261.84 | $261.84 | $523.68 |
| Jiang | Hui | $1,682.90 | $1,682.90 | $3,365.80 |
| Jiang | Jing Bin | $3,487.61 | $3,487.61 | $6,975.22 |
| Jiang | Nai Sheng | $7,128.28 | $7,128.28 | $14,256.56 |
| Karavelis | Lauren | $80.45 | $80.45 | $160.90 |
| Keating | Lindsay | $802.03 | $802.03 | $1,604.06 |
| Khong | Penny J. | $10,154.26 | $10,154.26 | $20,308.52 |
| Kowalski | Peter | $8,082.71 | $8,082.71 | $16,165.42 |
| Kwong | Karena | $8,324.07 | $8,324.07 | $16,648.14 |
| Lagrua | Brian | $56.09 | $56.09 | $112.18 |
| Lin | Ming Song | $7,759.62 | $7,759.62 | $15,519.24 |
| Lin | Xian | $2,398.40 | $2,398.40 | $4,796.80 |
| Lin | Zhi | $739.38 | $739.38 | $1,478.76 |
| Liu | Chen Lun | $1,926.12 | $1,926.12 | $3,852.24 |
| Liu | Yong | $1,020.29 | $1,020.29 | $2,040.58 |
| Lopez | Enrique J. | $95.72 | $95.72 | $191.44 |

Exhibit A

| Last Name | First Name | Back Wages | Liquidated Damages | Total Amount Due |
|---|---|---|---|---|
| Lopez | Marvin | $6,124.13 | $6,124.13 | $12,248.26 |
| Lu | Jing Long | $8,069.55 | $8,069.55 | $16,139.10 |
| Luna | Andy | $2,765.16 | $2,765.16 | $5,530.32 |
| Ly | Chi | $850.28 | $850.28 | $1,700.56 |
| March | Patrick | $205.66 | $205.66 | $411.32 |
| Marciano | Christine | $181.34 | $181.34 | $362.68 |
| Martins | Raquel | $83.62 | $83.62 | $167.24 |
| Masse | Kyle | $3,909.24 | $3,909.24 | $7,818.48 |
| Mathieu | Kim | $4,751.43 | $4,751.43 | $9,502.86 |
| McClelland | Justin | $5,881.79 | $5,881.79 | $11,763.58 |
| McGovern | Ryan | $693.50 | $693.50 | $1,387.00 |
| McHugh | Eric | $3,335.98 | $3,335.98 | $6,671.96 |
| Mejia Ajeatas | Jose | $2,973.66 | $2,973.66 | $5,947.32 |
| Meng | Yue | $275.34 | $275.34 | $550.68 |
| Moncada | Stephaine | $498.27 | $498.27 | $996.54 |
| Nadeau | Andrew | $1,096.69 | $1,096.69 | $2,193.38 |
| Nahabedian | Nicole | $1,550.18 | $1,550.18 | $3,100.36 |
| Naphosaysavath | Sara | $2,796.24 | $2,796.24 | $5,592.48 |
| Nelson | Stephen | $212.30 | $212.30 | $424.60 |
| O'Brien | Adam | $2,377.76 | $2,377.76 | $4,755.52 |
| Orsi | Carla | $419.05 | $419.05 | $838.10 |
| Osorio | Matias | $4,786.42 | $4,786.42 | $9,572.84 |
| Perez | Gustavo M. | $5,178.68 | $5,178.68 | $10,357.36 |
| Peters | Matthew | $105.65 | $105.65 | $211.30 |
| Phrasikaysone | Emily | $134.69 | $134.69 | $269.38 |
| Quinilla | Pedro | $485.53 | $485.53 | $971.06 |
| Ramirez | Aimee | $7,253.48 | $7,253.48 | $14,506.96 |

Exhibit A

| Last Name | First Name | Back Wages | Liquidated Damages | Total Amount Due |
|---|---|---|---|---|
| Ricardo | Robert | $521.45 | $521.45 | $1,042.90 |
| Rubinate | Gina | $427.31 | $427.31 | $854.62 |
| Russell | Scott | $1,234.64 | $1,234.64 | $2,469.28 |
| Seto | Tommy | $1,276.35 | $1,276.35 | $2,552.70 |
| Sousa | Shelley | $28.43 | $28.43 | $56.86 |
| Sullivan | Sean | $533.15 | $533.15 | $1,066.30 |
| Tan | Seow Shean | $13,754.56 | $13,754.56 | $27,509.12 |
| Tebrillo | Angel | $4,280.64 | $4,280.64 | $8,561.28 |
| Tse | Justin | $220.21 | $220.21 | $440.42 |
| Valenzuela | Victor | $1,047.93 | $1,047.93 | $2,095.86 |
| Ventura | Manuel | $426.25 | $426.25 | $852.50 |
| Vieng | Julie | $10,729.38 | $10,729.38 | $21,458.76 |
| Volucci | Kaitlyn | $119.69 | $119.69 | $239.38 |
| Wang | Larry | $1,104.88 | $1,104.88 | $2,209.76 |
| Weber | Nathan | $1,834.05 | $1,834.05 | $3,668.10 |
| Weng | Qiang Zhi | $2,022.95 | $2,022.95 | $4,045.90 |
| White | Daniel | $5,039.11 | $5,039.11 | $10,078.22 |
| Ye | Yi Di | $1,958.89 | $1,958.89 | $3,917.78 |
| Zacarias | Juan | $477.15 | $477.15 | $954.30 |
| Zhang | Chin Yi | $1,582.02 | $1,582.02 | $3,164.04 |
| Zhang | Hong | $11,116.56 | $11,116.56 | $22,233.12 |
| Zheng | Jin Bin | $921.30 | $921.30 | $1,842.60 |
| Zhou | Lei | $612.91 | $612.91 | $1,225.82 |
| Totals | | $283,977.93 | $283,977.93 | $567,955.86 |

Exhibit A

| Last Name | First Name | Back Wages | Liquidated Damages | Total Amount Due |
|---|---|---|---|---|

Jacky's Galaxie Providence Inc. d/b/a
Jacky's Waterplace & Sushi Bar
USDOL Wage and Hour Division Case ID 1744403

Exhibit B

Installment Schedule

Down payment due 11/01/2016: $113,591.17

| Payment No. | Payment Date | Amount Due | Interest Due | Total Due |
| --- | --- | --- | --- | --- |
| 1 | 12/01/2016 | $37,690.49 | $378.64 | $38,069.13 |
| 2 | 01/01/2017 | $37,721.90 | $347.23 | $38,069.13 |
| 3 | 02/01/2017 | $37,753.34 | $315.79 | $38,069.13 |
| 4 | 03/01/2017 | $37,784.80 | $284.33 | $38,069.13 |
| 5 | 04/01/2017 | $37,816.28 | $252.85 | $38,069.13 |
| 6 | 05/01/2017 | $37,847.80 | $221.33 | $38,069.13 |
| 7 | 06/01/2017 | $37.879.34 | $189.79 | $38,069.13 |
| 8 | 07/01/2017 | $37,910.90 | $158.23 | $38,069.13 |
| 9 | 08/01/2017 | $37,942.50 | $126.63 | $38,069.13 |
| 10 | 09/01/2017 | $37,974.12 | $95.01 | $38,069.13 |
| 11 | 10/01/2017 | $38,005.76 | $63.37 | $38,069.13 |
| 12 | 11/01/2017 | $38,037.46 | $31.70 | $38,069.16 |
| 13 (CMP) | 12/01/2017 | $50,000.00 | $500.00 | $50,500.00 |
| Total paid under installments: | | $504,364.69 | $2,964.90 | $507,329.59 |
| Total paid including down payment: | | | | $620,920.76 |